**Mary M. MANN, Plaintiff,**

v.

**The SERVICE LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 4330.**

United States District Court
E. D. Virginia,
at Alexandria.

Feb. 29, 1968.

W. W. Koontz, Alexandria, Va., for plaintiff.

Harry D. Sizemore, Arlington, Va., for defendant.

## MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

This diversity action was brought to recover the face amount ($15,000.00) of a life insurance policy on the life of the plaintiff's decedent, Glenn D. Mann. The named beneficiary is the plaintiff.

The policy has an aviation limitation provision which reads in pertinent part as follows:

"This Policy is issued under the express condition that should the death of the Insured occur as a result of operating or riding in, or descending from any kind of aircraft if the Insured is a pilot, officer or member of the crew of such aircraft * * * the Company's liability shall be limited * * * *" to a sum less than the face amount of the policy to be computed in accordance with the formula set forth therein.

The facts are not in dispute. The insured was a commissioned officer in the United States Marine Corps, serving as a co-pilot of a helicopter then operating over Vietnam. While the helicopter was in the air making a fire suppression run the insured was hit by hostile rifle fire from the ground. The helicopter

was not damaged and safely returned to its base. The insured died the following day from gunshot wounds.

The plaintiff claims the death of the insured did not occur as a result of his operating or riding in or descending from the said helicopter and that as the named beneficiary she is entitled to the full face amount of the policy, namely, $15,000.00. This Court agrees with her contention.

The insured was killed by rifle fire from the ground. The fact that he was riding in and was acting as co-pilot of the helicopter at the time he was hit by the rifle fire was not the cause of his death. The helicopter was but the means of transporting him to the place where he was shot by an intervening party.

The aviation limitation provision of this policy has not heretofore been construed nor has a case been cited that exactly fits the facts of this case. The plaintiff, however, relies in the main on Bull v. Sun Life Assurance Company of Canada, 141 F.2d 456, 155 A.L.R. 1014 (7th Cir. 1944). The insured there was a naval officer then piloting a seaplane in the South Pacific. His plane was damaged by anti-aircraft fire and he was forced to land on the water, less than a mile from the shore. The insured was not injured during the landing of the plane upon the water. He was standing on the wing of his aircraft attempting to launch his liferaft when he was killed by machine gun fire from Japanese Zeros. The Seventh Circuit there held that the insured did not meet his death "as a result, directly or indirectly, of service, travel or flight in any species of aircraft."

The defendant relies upon Order of United Commercial Travelers of America v. King, 161 F.2d 108 (4th Cir. 1947). In that case the insured was a flight observer for the Civil Air Patrol. His plane made an emergency landing some thirty miles off Cape Hatteras. The insured managed to get out of the plane before it sank. He was observed by other aviators some two and a half hours later alive in the water. He did not make it to shore. The cause of death was "drowning as result of exposure in the water after failure of an airplane motor." His insurance policy excluded death resulting from participation, as a passenger or otherwise, in aviation or aeronautics. The District Court held that his death resulted from accidental drowning within the terms of the policy. The Court of Appeals reversed, concluding that death clearly resulted from participation in aviation—death from exposure and drowning being a natural risk of flight over water in a land based airplane—and held the exclusion clause in the policy applicable. Judge Dobie distinguished the Bull case, cited above, by emphasizing the war risk of enemy fire and noted that the jury could have found that this intervening force caused the death of Lieutenant Bull.

■ This Court construes the aviation limitation provision in the instant case to limit payments where death results from the operation, riding in or descending from any kind of aircraft. It was not intended to limit payments in cases where death results from an intervening cause totally unrelated to the operation of the aircraft.

■■ The burden is on the insurer to prove that the death in this case resulted from the excluded risks. This it has not done. The contract of insurance is to be strictly construed against the insurer. Chief Judge Taft, in Manufacturers' Accident Indemnity Company v. Dorgan, 6 Cir., 58 F. 945, said:

"Policies are drawn by the legal advisers of the company, who study with care the decisions of the courts, and, with those in mind, attempt to limit as narrowly as possible the scope of the insurance. It is only a fair rule, therefore, which courts have adopted, to resolve any doubts or ambiguity in favor of the insured and against the insurer."

The insurance carrier in this case could have inserted a war risk clause in the policy in question. It did not so do. The plaintiff is entitled to the full amount of the policy, namely, $15,000.00.

Counsel for the plaintiff should prepare an appropriate order in accordance with this memorandum opinion, submit it to counsel for the defendant for approval as to form, and then to the Court for entry.